OPINION
 STATEMENT OF THE FACTS AND CASE
{¶ 1} This is an appeal from the February 4, 2002, decision of the Licking County Common Pleas Court, Juvenile Division, awarding permanent custody of Destiny Van Allen, dependent child, to the Department of Job and Family Services, Inc.
{¶ 2} Appellant Jamica Van Allen is the mother of minor child Destiny Van Allen (D.O.B. 7/12/00).
{¶ 3} Franklin Evans a.k.a. Franklin Scruggs is the putative father of the child.
{¶ 4} On July 20, 2001, the Licking County Department of Job and Family Services ("LCDJFS") filed a complaint alleging Destiny Van Allen to be dependent and seeking temporary custody of the child. The facts which gave rise to the filing of the Complaint were that Appellant endangered the child by leaving her with an intoxicated individual outside of a bar and that Appellant could not be located for several hours and that when she was found, she was also intoxicated.
{¶ 5} On the same date, July 20, 2001, LCDJFS obtained an Ex Parte Order of Removal and an Emergency Shelter Care Hearing was held. As a result, the child was placed in the Emergency Shelter Care Custody of LCDJFS.
{¶ 6} On October 15, 2001, the child was adjudicated to be dependent and was placed in the temporary custody of the Agency.
{¶ 7} On December 12, 2001, LCDJFS filed a Motion for Permanent Custody.
{¶ 8} On January 30, 2002, an evidentiary hearing on permanent custody was conducted before a Magistrate
{¶ 9} On February 4, 2002, via judgment entry, the trial court granted permanent custody of Destiny Van Allen to the Agency.
{¶ 10} It is from this decision that Appellant-Mother appeals, assigning the following sole error for review:
 ASSIGNMENT OF ERROR {¶ 11} "THE TRIAL COURT ERRED BY GRANTING PERMANENT CUSTODY OF DESTINY VAN ALLEN TO THE LICKING COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES OF DESTINY VAN ALLEN [SIC], BECAUSE ITS FINDING THAT DESTINY VAN ALLEN COULD NOT BE PLACED WITH JAMICA VAN ALLEN WITHIN A REASONABLE AMOUNT OF TIME WAS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE."
 I.
{¶ 12} Appellant claims the trial court's decision to grant permanent custody to appellee was against the manifest weight of the evidence and was not in the best interest of the child. We disagree.
{¶ 13} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279.
{¶ 14} R.C. § 2151.414(E) sets out the factors relevant to determining permanent custody. Said section states in pertinent part as follows:
 (A) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
 (1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties;
 (2) Chronic mental illness, chronic emotional illness, mental retardation, physical disability, or chemical dependency of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353
of the Revised Code;
* * *
 (4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;
* * *
The parent has abandoned the child.
* * *
 The parent is incarcerated at the time of the filing of the motion for permanent custody or the dispositional hearing of the child and will not be available to care for the child for at least eighteen months after the filing of the motion for permanent custody or the dispositional hearing.
* * *
Any other factor the court considers relevant.
{¶ 23} R.C. § 2151.414(B) enables the court to grant permanent custody if the court determines by clear and convincing evidence that it is in the best interest of the child. R.C. § 2151.414(D) sets out the factors relevant to determining the best interests of the child. Said section states relevant factors include, but are not limited to, the following:
 The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.
{¶ 24} Appellant's case plan, signed August 15, 2001, required her to 1)attend drug and alcohol treatment to address her addictions, 2) follow all recommendations made by her drug and alcohol counselor, (3) not use cocaine, marijuana, alcohol or any other drugs, and 4) not associate with other individuals who use or abuse drugs and alcohol.
{¶ 25} In its findings of fact filed February 4, 2002, the trial court noted the following:
 {¶ 26} (5) Jamica Van Allen, the mother of the child, has been a crack addict for over five years. She is HIV-positive but she has not obtained consistent medical treatment for her condition. She is presently incarcerated for theft. (At the time of the permanent custody hearing she had served approximately 3 weeks of a 180 day sentence.) She has done virtually nothing on the case plan. She has not maintained contact with the Agency. She acknowledges that of she had not been arrested for the theft offense, she would not have attended the permanent custody hearing. Perhaps more tellingly, the mother has not visited her daughter since September 6, 2001.
{¶ 27} We find this to be a fair an accurate interpretation of the evidence presented. Appellant had failed to visit or maintain contact with Destiny for more than ninety days, thereby abandoning the child.
{¶ 28} In light of the foregoing and based upon the entire record in this matter, we find the trial court did not abuse its discretion in granting permanent custody of Destiny to LCDJFS.
{¶ 29} Appellant's sole assignment of error is overruled.
{¶ 30} The judgment of the Court of Common Pleas of Licking County, Ohio, Juvenile Division is hereby affirmed.
By BOGGINS, J. HOFFMAN, P.J. and GWIN, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to Appellant.